**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Central Arizona Water Conservation District, | No. CV-18-00724-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States Army Corps of Engineers, | |
| Defendant. | |

On March 1, 2019, the Court issued an order granting Defendant United States Army Corps of Engineers' ("Corps") motion to dismiss. (Doc. 33.) Plaintiff Central Arizona Water Conservation District ("District") has filed a motion for reconsideration of that order pursuant to Local Rule of Civil Procedure 7.2. (Doc. 35.) For reasons stated below, the motion is denied.

**I. Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any

new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* The court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

**II. Discussion**

The District's argument for reconsideration is two-fold. First, the District contends that the Court took an unduly narrow view of the continuing harm caused by the Corps' Alamo Dam Flushing Release ("Release"). (Doc. 35 at 1-3.) Next, the District challenges the Court's ruling that this case does not meet the "capable of repetition yet evading review" exception to the mootness doctrine. (*Id.* at 1-2.)

**A. Continuing Harm**

The District contends that the Court's view of the alleged continuing harm—increased turbidity—was too narrow, and that the Court should have considered other harms, such as degradation of water quality, decrease in effectiveness of recharge project operation and municipal water delivery, and harm to Central Arizona Project's ("CAP") infrastructure.[1] (Doc. 35 at 3-4.) The District also contends that its "curtailment of pumping" imposed significant financial burdens. (*Id.* at 4.) These arguments merely repeat those made in the District's opposition to the motion to dismiss. (*See, e.g.*, Doc. 30 at 4 ("increased turbidity levels from sediments discharged from the river have an almost immediate and adverse impact on CAP infrastructure, source water quality, recharge project operation, and municipal water deliveries and uses"); 7 ("interruption in pumping . . . had significant consequences" for the District).) "A motion for reconsideration is an inappropriate vehicle to ask the Court to rethink what the Court has already thought

---

[1] None of these alleged harms are "continuing" given that they are derivative of increased turbidity levels (*see, e.g.*, Doc. 1 ¶ 30), the post-Release turbidity level neither reached nor surpassed the threshold limit at the Mark Wilmer Pumping Plant's ("Pumping Plant") intake, the turbidity level has since dissipated to pre-Release levels, and the District preemptively shut down its plant.

through—rightly or wrongly." *Mix v. Asurion Ins. Servs. Inc.*, No. CV-14-02357-PHX-GMS, 2017 WL 131566, at *1 (D. Ariz. Jan. 1, 2017). Local Rule 7.2(g)(1) makes clear that "[n]o motion for reconsideration of an Order may repeat any oral or written argument" and the "[f]ailure to comply with this subsection may be grounds for denial of the motion."

## B. Mootness Exception

The District also seeks reconsideration of the Court's ruling that the Release did not meet the capable of repetition but evading review exception to mootness. The repetition/evasion exception applies where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Fed. Elec. Comm'n v. Wisc. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). The District asks for reconsideration as to the Court's findings on both prongs.

With respect to the first prong, the District challenges the Court's finding that the District "made no effort to stay the matter pending appeal." (Doc. 35 at 5.) The District does not contest the Court's finding that it made no such an effort. Instead, the District argues that the Court misstated the amount of time between the Court's order denying its TRO and the start of the Release. (*Id.*) The District is correct that the Court orally denied the District's TRO on March 9, 2017, and the Release commenced on March 12, 2017. The District, however, offers no authority or explanation why, even with this shorter time-frame, they could not seek a stay pending appeal. The District also argues that the Court erred in finding that the Release was "not inherently of a short duration." (*Id.* at 5-6.) In support, the District relies on the same cases and arguments it raised in opposition to the motion to dismiss. (*Compare* Doc. 30 at 14-15 *with* Doc. 35 at 5-6.)

With respect to the second prong, the District argues that the Court erred in finding that it was "unpersuaded that something will occur again simply because it has occurred before." (Doc. 33 at 8.) In support, the District argues that such a finding is contrary to Ninth Circuit law. (Doc. 35 at 7 (citing cases).) Again, this is merely a restatement of the District's argument in opposition to the motion to dismiss. (Doc. 30 at 15.) The Court

maintains, as it did at in its prior order, the cited authority does not compel the Court to find a sufficient likelihood of repetition under the circumstances in this case. (Doc. 33 at 8-9). A party's "dissatisfaction or disagreement is not a proper basis for reconsideration[.]" *Ellsworth v. Prison Health Servs. Inc.*, No. 11-CV-8070-PCT-MEA, 2013 WL 1149937, at *2 (D. Ariz. Mar. 20, 2013). Accordingly,

**IT IS ORDERED** that the District's motion for reconsideration (Doc. 35) is **DENIED**.

Dated this 24th day of April, 2019.

Douglas L. Rayes
United States District Judge